UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HEATHER RAMSEY, Individually and as
Next Friend of JADE RAMSEY, a Minor                              PLAINTIFF

v.                                         CASE NO. CV2012-3031

NORTH ARKANSAS COLLEGE, and
THE CINCINNATI INSURANCE COMPANY
As Liability Insurance Carrier for
NORTH ARKANSAS COLLEGE                                          DEFENDANTS

## ANSWER

Comes now Separate Defendant Cincinnati Insurance Company, and for its answer to the Plaintiff's Complaint, states as follows.

1. All allegations not expressly admitted herein are denied.

2. Defendant lacks the knowledge to admit or deny the allegations contained in paragraph 1 of the Plaintiff's complaint and therefore denies same.

3. Defendant lacks the knowledge to admit or deny the allegations contained in paragraph 2 of the Plaintiff's Complaint and therefore denies same.

4. Separate Defendant Cincinnati Insurance Company admits that the address of North Arkansas College is 1515 Pioneer Drive in Harrison, Arkansas. Defendant lacks the knowledge to admit or deny the remainder of the allegations contained in paragraph 3 of the Plaintiff's complaint and therefore denies same.

5. Separate Defendant Cincinnati Insurance Company admits that Robert L. Henry 400 West Capitol Avenue, Little Rock AR 72201, is its registered agent for service of process. Defendant lacks the knowledge to admit or deny the remainder of the allegations in paragraph 4 of the Plaintiff's complaint and therefore denies same.

1

6. Defendant denies the allegations contained in paragraph 5 of the plaintiff's complaint.

7. Defendant denies the allegations contained in paragraph 6 of the Plaintiff's complaint.

8. Defendant lacks the knowledge to admit or deny the allegations contained in paragraph 7 of the Plaintiff's complaint and therefore denies same.

9. Defendant lacks the knowledge to admit or denies the allegations contained in paragraph 8 of the Plaintiff's complaint and therefore denies same.

10. Defendant lacks the knowledge to admit or deny the allegations contained in paragraph 9 of the Plaintiff's complaint and therefore denies same.

11. Defendant denies the allegations contained in paragraph 10 of the Plaintiff's complaint

12. Defendant denies the allegations contained in paragraph 11 of the Plaintiff's complaint

13. Defendant denies the allegations contained in paragraph 12 of the Plaintiff's complaint

14. Defendant denies the allegations contained in paragraph 13 of the Plaintiff's complaint

15. Defendant denies the allegations contained in paragraph 14 of the Plaintiff's complaint

16. Defendant denies the allegations contained in paragraph 15 of the Plaintiff's complaint.

17. Defendant denies the allegations contained in paragraph 16 of the Plaintiff's complaint

18. Defendant denies the allegations contained in paragraph 17 of the Plaintiff's complaint

19. Defendant denies the allegations contained in paragraph 18 of the Plaintiff's complaint

20. Defendant denies the allegations contained in paragraph 19 of the Plaintiff's complaint

21. Defendant denies the allegations contained in paragraph 20 of the Plaintiff's complaint

22. Defendant denies the allegations contained in paragraph 21 of the Plaintiff's complaint

23. Defendant denies the allegations contained in paragraph 22 of the Plaintiff's complaint

24. Defendant denies the allegations contained in paragraph 23 of the Plaintiff's complaint

25. Defendant lacks the knowledge to admit or deny the allegations contained in paragraph 24 of the Plaintiff's complaint and therefore denies same.

26. Paragraph 25 appears to be a statement of law, to that extent it speaks for itself. Defendant lacks the knowledge to admit or deny the accuracy of the quoted code and therefore denies same. Defendant further denies that the codes cited are applicable to this structure. To the extent any allegations are made in paragraph 25 of the Plaintiff's complaint those allegations are denied.

27. Paragraph 26 appears to be a statement of law, to that extent it speaks for itself. Defendant lacks the knowledge to admit or deny the accuracy of the quoted code and therefore denies same. To the extent any allegations are made in paragraph 26 of the Plaintiff's complaint those allegations are denied.

28. Paragraph 27 appears to be a statement of law, to that extent it speaks for itself. Defendant lacks the knowledge to admit or deny the accuracy of the quoted code and therefore denies same. To the extent any allegations are made in paragraph 27 of the Plaintiff's complaint those allegations are denied.

29. The allegations contained in Paragraph 28 of the Plaintiff's Complaint are denied and the allegations contained in each sub-part of paragraph 28 of the Plaintiff's complaint are denied.

30. Defendant denies the allegations contained in paragraph 29 of the Plaintiff's complaint

31. Defendant denies the allegations contained in paragraph 30 of the Plaintiff's complaint

32. Defendant denies the allegations contained in paragraph 31 of the Plaintiff's complaint

33. Defendant denies the allegations contained in paragraph 32 of the Plaintiff's complaint

34. Defendant denies the allegations contained in paragraph 33 of the Plaintiff's complaint

35. Defendant denies the allegations contained in paragraph 34 of the Plaintiff's complaint

36. Defendant lacks the knowledge to admit or deny the allegations contained in paragraph 35 of the Plaintiff's complaint and therefore denies same.

37. Paragraph 36 of the Plaintiff's complaint appears to be a jury demand and does not appear to require a response. Defendant joins plaintiff in demanding a trial by jury and to the extent any allegations are made in paragraph 36, those allegations are denied.

38. Defendant denies any allegations in the "WHEREFORE" Clause of Plaintiff's complaint, denies that the Plaintiff is entitled to recover any damages from defendant, and asserts Plaintiff's complaint should be dismissed.

## AFFIRMATIVE DEFENSES

1. Discovery in this case is still ongoing and Defendant affirmatively pleads all defenses that may be available to it under Rule 12 of the Arkansas Rules of Civil Procedure including failure to state a claim upon which relief can be granted.

2. Defendant affirmatively pleads that this court lacks subject matter jurisdiction over this case.

3. Defendant affirmatively pleads that this court lacks personal jurisdiction over the Defendant.

4. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

5. Defendant affirmatively pleads that Plaintiff has failed to state facts upon which relief can be granted.

6. Defendant affirmatively pleads that this structure complied with all building codes at the time of its construction.

7. Defendant affirmatively pleads that Plaintiff lacks standing to bring this action on behalf of Jade Ramsey.

8. Defendant affirmatively pleads that Plaintiff's complaint may be barred in whole or in part by the statute of limitations. Defendant reserves the right to file a motion to dismiss on this basis.

9. Defendant affirmatively pleads that if the Plaintiff sustained damages as alleged, which is specifically denied, the damages were solely and proximately caused by the fault of the Plaintiff or the minor, or by an intervening cause or by the fault of individuals for whom this defendant has no responsibility.

10. Defendant affirmatively pleads that if the Plaintiff suffered damages as alleged in the complaint, which Defendants specifically deny, that the damages were proximately caused and were solely the result of fault on the party of the Plaintiff or the minor, Jade Ramsey, to the extent that such fault acts as a complete bar to any recovery by the Plaintiff herein.

11. Defendant affirmatively pleads the doctrines of contributory negligence and comparative fault.

12. Defendant affirmatively pleads that if the Plaintiff suffered damages as alleged in the complaint, which Defendants specifically deny, that such alleged damages were caused by and were solely the result of fault on the part of third parties over whom Defendants had no control and for whose fault and/or omissions these Defendants are not liable. Further Defendants state that the fault and/or omissions of said Third Party is sufficiently great to constitute an independent intervening or superseding proximate cause, thereby relieving Defendants of any responsibility to the Plaintiff herein.

13.     Defendant affirmatively pleads that any alleged negligent or culpable conduct of Defendants, which is specifically denied herein, is so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

14.     Defendant affirmatively pleads that Plaintiff has failed to mitigate any alleged damages, and therefore Plaintiff's Complaint is barred.

15.     Discovery in this case is still ongoing and Defendant pleads all defenses that may be available to it under Rule 8 of the Arkansas Rules of Civil Procedure including, but not limited to, accordance and satisfaction, comparative fault, duress, estoppels, failure of consideration, fraud, illegality, laches, payment, release, set-off, statute of frauds, waiver and any other matter constituting an avoidance or affirmative defense.

16.     Defendant affirmatively pleads all defenses available to it under the Arkansas Civil Justice Reform Act of 2003 codified at Ark. Code Ann. 16-55-201, et seq.

17.     Defendant affirmatively pleads that, to the extent that this action seeks punitive damages, any such relief would place an unreasonable burden on interstate commerce and would violate this defendant's right to protection from excessive fines, his right to substantive and procedural due process, and all other rights under the United States Constitution, the Constitution of the State of Arkansas and any applicable laws, and therefore that any claims for punitive damages should be dismissed.

18.     To the extent that this action seeks punitive damages, Defendant requests a bifurcated trial for any punitive damages under Ark. Code Ann. § 16-55-211.

19.     Defendant hereby gives notice that it intends to rely on any other such defenses that may become available or apparent during the course of discovery and thus reserves the right

to amend this pleading to assert such defenses. Defendant also reserves the right to plead further as may be required upon the completion of reasonable discovery and investigation herein.

20. Defendant specifically reserves the right to file a motion to dismiss on any grounds that may become apparent during the course of discovery.

21. Defendant demands a trial by jury.

WHEREFORE, the Defe premises considered, Defendant Cincinnati Insurance Company prays that the Plaintiff's Complaint be dismissed, for its costs and attorney's fees and for all other such just and proper relief to which it may be entitled.

    Respectfully submitted,

    THE BARBER LAW FIRM
    ATTORNEYS FOR SOUTH ARKANSAS YOUTH SERVICES, INC.,
    2700 Regions Center
    400 W. Capitol Avenue
    Little Rock, AR 72201
    (501) 372-6175

By:   /s/ Scott M. Strauss
      Scott M. Strauss   #92009
      Benjamin K. Pollitzer #09152

<u>CERTIFICATE OF SERVICE</u>

    On this 13 day of March, 2012, a true and correct copy of the above pleading was submitted via the United State's District Court's electronic filing system (ECF) to:

Alan Lane
Monte Sharits
Odom Law Firm, P.A.,
1 East Mountain Street
P.O. Drawer 1868
Fayetteville, AR 72702
Phone: (479) 442-7575
Fax (479) 449-9008
alane@odomlawfirm.com
msharits@odomlawfirm.com

                                                        /s/ Scott M. Strauss
                                                        Scott M. Strauss